# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>$110,000.00 IN UNITED STATES CURRENCY,<br><br>　　　　　Defendant.<br><br>　vs.<br><br>JULIO MARTINEZ,<br><br>　　　　　Claimant. | 8:19CV531<br><br>ORDER |

　　　　This matter is before the Court on the Motion to Quash Subpoena (Filing No. 67) filed by a non-party, William Xavier Madden III. Mr. Madden requests this Court quash a subpoena served on him in Chicago, Illinois on December 5, 2020, by the United States. The subpoena directs Mr. Madden to produce certain banking information, communications with Claimant, and other documents at the United States Attorneys Office in Chicago, Illinois, on January 5, 2021. (Filing No. 67-1). One day before his compliance with the subpoena was required, on January 4, 2021, Mr. Madden filed the instant motion to quash the subpoena in this court.

　　　　Rule 45 of the Federal Rules of Civil Procedure requires a motion to quash a subpoena to be brought in the district where compliance is required. See Fed. R. Civ. P. 45(d)(3). And, the court for the district where compliance is required must enforce a party's duty to take reasonable steps to avoid imposing undue burden or expense on a person subject to a subpoena. See Fed. R. Civ. P. 45(d)(1). Here, the subpoena at issue requires Mr. Madden to comply in Chicago, Illinois, not Nebraska. Therefore, the motion to quash was not filed in the proper forum because Nebraska is not the place of compliance. See *Agincourt Gaming, LLC v. Zynga, Inc.*, No. 2:14-CV-0708-RFB-NJK, 2014 WL 4079555, at *3 (D. Nev. Aug. 15, 2014)(citing *KGK Jewelry LLC v. ESDNetwork*, 2014 WL 1199326, *3 (S.D.N.Y. Mar. 21, 2014)("Under the current version of [Rule 45], when a motion to quash a subpoena is filed in a court other than the court where compliance is required, that court lacks jurisdiction to resolve the motion."). Rule 45(f) permits a court where compliance is required to transfer a motion to quash to the court where the litigation

is pending if the non-party consents or if there are exceptional circumstances. See Fed. R. Civ. P. 45(f). However, there is no provision allowing this court to entertain a motion to quash in the first instance where compliance is required in a different district. See *Williams Dev. & Constr., Inc. v. United States*, No. 4:18-CV-04033-LLP, 2019 WL 6716786, at *3 (D.S.D. Dec. 10, 2019). Because the motion to quash was not filed in the proper district, the Court will deny the motion.

**IT IS ORDERED** that Motion to Quash Subpoena (Filing No. 67) filed by non-party, William Xavier Madden III, is denied.

Dated this 8th day of January, 2021.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge